R. E. PARKER ET AL. *v.* G. T. WILCOX ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—386.]

**Conveyance to Defraud Creditors.**

While a creditor may be preferred if not within the Act of 1856, where the parties are in good faith, but a conveyance of real estate is made to enable a debtor to defraud his creditors and the grantor and grantee both participated in the fraud, and no actual consideration passes, such a conveyance will be set aside at the instance of a creditor.

**Inadequacy of Price for Land.**

The court will not refuse to confirm a sale of real estate on account of a mere inadequacy of price when there is shown no fraud nor collusion by the parties to it.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 20, 1881.

OPINION BY JUDGE PRYOR:

The principal question in this case, and out of which all this litigation originated, has been under consideration for some time, and the conclusion reached by the court is, that the circumstances connected with the execution of the conveyance by R. E. Parker to Collier are such as to require that the claims of the latter should be postponed to those of the creditors of R. E. Parker, and that the chancellor acted properly in subjecting the property thus conveyed to the payment of their several demands. After the service of the summons on R. E. Parker in favor of Wilcox on the notes, or one of them assigned by Thos. E. Parker, the former declared his intention to so fix his property as to place it beyond the reach of Wilcox, and in a short time thereafter applied to know if he would receive a deed for the land, and upon his refusal to accept the conveyance, or about that time, he visited his brother-in-law (the appellant) in Boone county, Indiana, and on his return in June, 1876, caused the conveyance in controversy to be prepared, executed and recorded, by which his brother-in-law, for the alleged consideration of $5,000 in hand paid, became the purchaser and absolute owner of his entire estate, except the 75 acres of land upon which a lien was retained for the notes assigned by Thomas Parker to Wilcox.

No such sale as was represented by this conveyance was made, and not one dollar passed between the parties to it. The conveyance includes all the property of the grantor of any value. The recital on the face of the instrument is false and calculated to deceive creditors of the grantor, and is made to a brother-in-law at a time when the former was in search of some one who would accept a conveyance for the purpose of hindering and delaying Wilcox in the collection of his several debts. It is true it appears that R. E. Parker promised Collier to secure him in what he owed him by deed or mortgage, but it is a little remarkable and certainly unfortunate for the parties to the conveyance that it was made about the time that Parker was attempting to defeat Wilcox in the collection of the notes by an effort to make fraudulent conveyances of his whole estate. That a conveyance may be actually fraudulent as to the grantor, and constructively fraudulent as to the grantee, is well settled, but this case can not fall within such a rule. The claim here, if bona fide on the part of Collier, did not exceed $2,000, and the acceptance of the conveyance, absolute upon its face, under the peculiar facts of this case, gave to Collier not only a fraudulent preference for his own claim over other creditors, but aided the debtor to defeat the recovery of their claims entirely by the recital in the conveyance that $5,000 had been paid by him for the land. A creditor may be preferred if not within the Act of 1856, but the preference should and must be in good faith, and not with the ulterior purpose of enabling the debtor to defraud his creditors. Such was the necessary result of the conveyance in this case, and the facts and circumstances attending its execution lead to the conclusion that both the grantor and grantee participated in the wrong. See *Foster v. Grigsby*, 1 Bush (Ky.) 86. The judgment setting aside the conveyance and subjecting the land to appellee's debts is affirmed..

On the appeal of Hobbs we find no error to the prejudice of the appellant. It seems from the pleadings in the original action by Wilcox on the notes that an attachment was issued and levied on the land, the subject of this controversy, including the 11¼ acre tract, and that the attachment as to this particular parcel of land was waived; that a mortgage had been executed by Parker to Abbott for professionl services rendered, and the latter, by petition in equity, sought to foreclose this mortgage. Hobbs

claimed four acres and a fraction of this small tract of land under a conveyance from Matt Parker, the father of R. E. Parker. It is insisted that Hobbs was not the real owner of the land for two reasons: First, that he held it in secret trust for R. E. Parker; and, second, that his own acts preclude him from asserting title as against the latter. It is certain from the answer of Hobbs that he made no claim to this land, but on the contrary disclaimed in his deposition having any interest in it, and permitted the real owner, R. E. Parker, to place valuable and lasting improvements upon it under a conveyance that he had obtained of his father long subsequent to the conveyance made by his father to Hobbs.

We are satisfied that Hobbs, in his deposition taken prior to the action of Abbott, had forgotten that a conveyance had been made him, doubtless from the fact that he really had no interest in the land, and the father of R. E. Parker really executed the conveyance to his son that Hobbs himself should have executed. The waiver of the attachment by Wilcox on this particular tract, while it had the effect to discharge the lien created by it, did not deprive him of the right to resort to other legal steps so as to subject the land to his debt. The levy of his execution on the land created a lien, even if the sale was quashed, and when the chancellor undertook to enforce Abbott's lien created by the mortgage he had complete jurisdiction to determine all the liens and their priorities, whether by the levy of an execution or otherwise. Besides, the record shows a return of nulla bona on the executions, and this would give the chancellor jurisdiction. The judgment dismissing the petition of Hobbs was therefore proper, and the judgment determining the liens as between Abbott and Wilcox must also be affirmed.

The heirs of Matt Parker were not necessary parties, as the title had passed out of him by both the conveyance to Hobbs and to his son, and while the waiving order as to Collier was irregular it was not void. In the case cited by counsel the waiving had not been given sixty days before the first day of the succeeding term of the court, while in this case it had been given ninety instead of sixty days, more time than was required to be given by the code.

As to the sale of the two tracts of 44 and 52 acres of land the court did right in confirming the sale. There was no fraud or

collusion shown between Beckley and Wilcox, and a mere inadequacy of price will not authorize the chancellor to disturb the purchase. The bidding was fair and open to all, and while the land may not have sold for one-half or two-thirds of its value, in the absence of some fraud or unfairness in the sale it must be held valid. The judgment on that branch of the case is also affirmed.

As to the fifteen acre tract bought by Hobbs of Matt Parker, there is nothing showing that it belonged to R. E. Parker, or that he had any interest in it, and the judgment on the cross-petition of Wilcox is also *affirmed*. The appellants were entitled to a homestead, and all the original appeals as well as the cross-appeals are *affirmed*.

This opinion embraces the appeals of *Parker v. Wilcox*, the appeal of *Collier v. Same,* the appeal of *Hobbs v. Wilcox,* and the cross-appeal of Wilcox, and the appeal of *Parker v. Wilcox and Beckley.*

*C. B. Seymour, for appellants.*

*Harrison & McGrain, B. F. Camp, W. R. Abbott, for appellees.*